**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

May 7, 2020

Kevin R. Shannon, Esq.
Christopher N. Kelly, Esq.
Daniel M. Rusk, Esq.
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, Delaware 19801

Rudolf Koch, Esq.
Kevin M. Gallagher, Esq.
Kevin M. Regan, Esq.
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *RoundPoint Mortgage Servicing Corporation, et al. v. Freedom Mortgage Corporation et al.*, C.A. No. 2020-0161-SG

Dear Counsel:

I have Plaintiffs' motion for reargument. The Plaintiffs have moved for reargument of a scheduling order. A motion for reargument is appropriate in two circumstances: where the court has "overlooked a decision or principle of law that would have controlling effect or misapprehended the facts or the law so the outcome of the decision would be different." *RE: Kratos Def. & Sec. Sols., Inc., v. Securitas Elec. Sec., Inc.*, 2020 WL 1922000, at *1 (Del. Ch. Apr. 20, 2020) (quoting *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 13, 2014)). Neither of those circumstances is present here. Plaintiffs simply disagree with a matter within the court's discretion. *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d

1102, 1107 (Del. 2006) ("It is well settled that the trial court has discretion to resolve scheduling issues and to control its own docket." (internal quotations omitted)). Therefore, to the extent I consider the Plaintiffs' motion a motion for reargument it is denied.

I find it appropriate, however, to consider the Plaintiffs' motion a motion for reconsideration of scheduling, I have directed my Assistant to contact the parties to schedule a teleconference promptly regarding moving this matter forward.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III